J-S58005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON BARRETT, | |
| Appellant | No. 539 MDA 2015 |

Appeal from the Judgment of Sentence May 28, 2013
in the Court of Common Pleas of Lackawanna County
Criminal Division at Nos.: CP-35-CR-0001433-2012
CP-35-CR-0001629-2009
CP-35-CR-0001945-2009
CP-35-CR-0002395-2009
CP-35-CR-0002929-2009

BEFORE: GANTMAN, P.J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 24, 2015**

Appellant, Jason Barrett, appeals *nunc pro tunc* from the judgment of sentence imposed after the revocation of his intermediate punishment. Counsel has filed a petition to withdraw.[1] We affirm Appellant's judgment of sentence and grant counsel's petition.

We take the following facts from our independent review of the record. Between the dates of June 29, 2009 and October 29, 2009, Appellant was

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

arrested three times, and charged with a total of fourteen crimes. On September 9, 2010, Appellant pleaded guilty to eleven of those charges, including: three counts each of possession with intent to deliver (PWID) and possession of a controlled substance, four counts of possession of drug paraphernalia, and one count of retail theft.[2] In exchange for the plea, the Commonwealth *nolle prossed* the remaining charges. The court imposed intermediate punishment by placing Appellant under treatment court supervision.

On May 18, 2012, Appellant was arrested for theft by unlawful taking,[3] receiving stolen property,[4] and trespass by motor vehicle.[5] Appellant pleaded guilty on October 18, 2012, to one count of theft by unlawful taking. The court deferred disposition to the treatment court. The remaining two charges were *nolle prossed* pursuant to the plea agreement. On March 28, 2013, the Commonwealth filed a petition to terminate Appellant's intermediate punishment for his violation of the drug treatment program's terms, and the court terminated him from the program that day. On May 28, 2013, the court sentenced him to an aggregate term of incarceration of

---

[2] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), and 18 Pa.C.S.A. § 3929.

[3] 18 Pa.C.S.A. § 3921.

[4] 18 Pa.C.S.A. § 3925.

[5] 75 Pa.C.S.A. § 3717.

not less than seventy-two nor more than one hundred forty-four months in a state correctional facility, plus eight years' probation.

On June 4, 2013, Appellant filed a motion for reconsideration of sentence. He filed an amended motion on June 25, 2013, which the court denied on July 19, 2013. On August 22, 2013, Appellant filed a notice of appeal, which this Court quashed as untimely on October 18, 2013.

On January 27, 2014, Appellant filed a Petition for Post-Conviction Collateral Relief,[6] in which he sought reinstatement of his direct appeal rights. The court appointed counsel on February 27, 2014. The Commonwealth filed a response on April 14, 2014. On February 25, 2015, the court granted the petition without a hearing. Appellant timely filed a direct appeal on March 23, 2015.[7] Counsel filed an *Anders* brief and a petition to withdraw on July 2, 2015, on the basis that the appeal is wholly frivolous.

The standard of review for an *Anders* brief is well-settled:

Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

(1) petition the court for leave to withdraw stating that, after making a conscientious

---

[6] 42 Pa.C.S.A. §§ 9541-9546.

[7] Appellant filed a timely Rule 1925(b) statement of errors complained of on appeal on April 8, 2015 pursuant to the court's order. *See* Pa.R.A.P. 1925(b). The court chose not to file an opinion. *See* Pa.R.A.P. 1925(a).

- 3 -

examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw.

*Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009) (citations and most quotation marks omitted). Further, our Supreme Court ruled in *Santiago*, *supra*, that *Anders* briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" *Santiago*, *supra* at 360.

Instantly, counsel's *Anders* brief and petition to withdraw substantially comply with the applicable technical requirements and reveal that he has made "a conscientious examination of the record [and] determined that the appeal would be frivolous[.]" *Lilley*, *supra* at 997.[8] Additionally, the record establishes that counsel served Appellant with a copy of the *Anders* brief and petition to withdraw, and a letter of notice which advised Appellant of

---

[8] Counsel inaccurately identifies his petition to withdraw as being filed pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). (*See* Counsel's Petition to Withdraw, 7/02/15, at 1). However, this appears to be merely a scrivener's error because he has filed the required *Anders* brief.

his right to retain new counsel or to proceed *pro se* and raise additional issues to this Court.[9]  **See id.**; (**see also** Counsel's Petition to Withdraw, 7/02/15, Exhibit 1, at 1).  Further, the petition and brief cite "to anything that arguably might support the appeal[.]"  **Lilley**, **supra** at 997; (**see also Anders** Brief, at 5-8).  As noted by our Supreme Court in **Santiago**, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of **Anders**.  **See Santiago**, **supra** at 360-61.

Having concluded that counsel's petition and brief substantially comply with the technical **Anders** requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous."  **Lilley**, **supra** at 998 (citation omitted).

The **Anders** brief raises one question for our review:  "Did the [t]rial [c]ourt impose a sentence that was harsh and excessive and should have been run concurrently rather than consecutively?"  (**Anders** Brief, at 4).

We observe first that Appellant's issue challenges the discretionary aspects of his sentence, and "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges. . . . Likewise, our abuse of discretion standard of review in revocation sentencing

_____

[9] Appellant has not filed a response to the petition to withdraw.

cases requires us to consider whether a sentencing court exhibited prejudice, bias, ill-will or partiality." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034, 1041 (Pa. Super. 2013) (footnote and citation omitted).

However, it is well-settled that:

There is no absolute right to appeal when challenging the discretionary aspect of a sentence. Rather, an appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code. In determining whether a substantial question exists, this Court does not examine the merits of the sentencing claim.

In addition, issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. Furthermore, a defendant is required to preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement.

**Id.** at 1042 (brackets, citations, and quotation marks omitted).

"We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." **Commonwealth v. Hill**, 66 A.3d 359, 364 (Pa. Super. 2013) (citations omitted) (emphases in original).

Here, Appellant has met the procedural requirements of raising his issue in his post-sentence motion, preserving this issue in his Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. (**See**

Amended Petition for Reconsideration of Sentence, 6/25/13, at unnumbered pages 2-3; Rule 1925(b) Statement, 4/08/15; *Anders* Brief, at 6-7). However, his statement fails to raise a substantial question where his sentence was within the guideline range and he claims excessiveness based only on the consecutive nature of the sentence. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) ("[B]ald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.") (citations omitted).

Moreover, our own independent review reveals that the court did not abuse its discretion when fashioning Appellant's sentence. The court considered the particular circumstances of Appellant's case, including its history with Appellant and his multiple unsuccessful attempts at rehabilitation. (*See* N.T. Sentencing, 5/28/13, at 4-5). Further, "the sentencing court [did not] exhibit[] prejudice, bias, ill-will or partiality." *Cartrette*, *supra* at 1041 (footnote and citation omitted). Therefore, we agree with counsel that Appellant's issue on appeal is frivolous. *See Lilley*, *supra* at 998. Additionally, we find no other non-frivolous issues that would merit relief.

Judgment of sentence affirmed. Counsel's application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/24/2015